[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14955
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2011
JOHN LEY
CLERK

Agency No. A098-560-867

QING YUN LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 10, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Qing Yun Lin, a native and citizen of China proceeding *pro se*, petitions

this court for review of the BIA's denial of her second motion to reopen removal proceedings. After a thorough review of the record, we dismiss the petition in part and deny it in part.

I. Background

Lin, a native and citizen of China, entered the United States without valid entry documents in March 2005, and the Department of Homeland Security issued a notice to appear, charging her as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Lin filed an application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture on the grounds that she had been persecuted for her participation in Falun Gong and had been harassed due to her family's challenge to tax assessments.

At a removal hearing, Lin testified to the harassment that she had been subjected to by tax collectors. Lin further stated that she and her mother practiced Falun Gong; her mother began in 1998 and Lin joined her in April 1999. But, in July 1999 China banned the practice and police arrested and detained Lin's mother. Lin was not detained. During the month that Lin's mother was held, the police questioned, beat, and tortured her. After her mother was released, Lin and her mother stopped practicing Falun Gong for almost a year. In May 2000, they started practicing again in their home. After Lin came to the United States, she

2

continued to practice Falun Gong. Both of Lin's parents remained in China.

In support of her application for relief from removal, Lin submitted the 2005 State Department Country Report and Profile of Asylum Claims, as well as numerous articles about Falun Gong practices in China. This evidence showed that China considered Falun Gong to be an "evil cult," that many practitioners had been arrested and detained, and that China targeted Falun Gong members even if they no longer practiced. She also submitted photos showing her participation in Falun Gong activities in the United States, and a letter from her mother dated February 2006 corroborating Lin's testimony.

The Immigration Judge (IJ) denied relief, finding Lin's testimony lacked credibility and that she had not established past persecution on account of a protected ground. Lin appealed to the BIA, which affirmed the IJ's order of removal. The BIA explained that, even if Lin was credible, she had not shown past persecution and there was no evidence that Chinese authorities would target Lin for her activities in the United States. The BIA noted that Lin's parents remained in China without trouble. The BIA issued its opinion on July 22, 2008.

On October 14, 2008, Lin filed a motion to reopen, arguing that the BIA failed to consider the totality of the circumstances and that China had increased its targeting of Falun Gong members. The BIA construed the motion as one to

reopen and reconsider and denied it as untimely and without merit.

On February 12, 2010, Lin filed the instant second motion to reopen, explaining that she would be targeted by Chinese authorities because she had announced her membership in Falun Gong and posted criticism of the Chinese government on the internet. Attached to the motion was Lin's affidavit, copies of her internet posts, and various articles about Falun Gong, some of which predated the 2006 removal hearing. Lin also submitted a letter from her mother in which her mother wrote that she had been questioned by police seeking Lin's whereabouts, beaten, and threatened with detention.

The BIA denied the second motion to reopen, finding it untimely and number-barred. The BIA explained that Lin had not shown any changed country conditions to allow the untimely motion because the evidence she submitted was unauthenticated and did not show a change in China's treatment of Falun Gong practitioners. The BIA further noted that any change in treatment towards Lin specifically was the result of Lin's publicizing her activities. As the BIA explained, a petitioner could not create a changed country condition through her own doing. Finally, the BIA concluded that China's awareness of Lin's activities in the United States did not constitute a change in country conditions.

II. Standards of Review

We review "the denial of a motion to reopen removal proceedings for abuse of discretion."[1] *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007). Our review "is limited to determining whether there has been an exercise of administrative discretion, and whether the matter of exercise has been arbitrary or capricious." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (quotations omitted).

III. Discussion

Lin argues that the BIA abused its discretion by denying her second motion to reopen because she could show changed country conditions that did not exist at the time of the removal hearing. Lin further argues that the BIA should have exercised its discretion to reopen her proceedings.

An alien may file only one motion to reopen, and that motion must be filed within 90 days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); 8 C.F.R. § 1003.23(b)(4)(i). The 90-day time limit does not apply, however, to motions "based on changed country conditions arising in the . . . country to which removal has been ordered, if such evidence is material

---

[1] We have jurisdiction to review the BIA's denial of a motion to reopen. *Kucana v. Holder*, 130 S.Ct. 827, 840 (2010). Our review is limited to the denial of the motion to reopen and does not include review of the underlying order denying relief from removal because the petition for review is untimely as to that decision. *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995).

5

and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i). "An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in her personal circumstances." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (explaining that the birth of a child is a change in personal circumstances, but more stringent enforcement of China's family planning policy is a change in country conditions). The petitioner has the "heavy burden" of presenting evidence which would likely change the result in the case. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006).

As an initial matter, it is well-settled that we lack jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008). Accordingly, we dismiss Lin's petition in part on this ground.

There is no dispute in this case that Lin's second motion to reopen was untimely and number-barred. Thus, the only issue is whether the BIA abused its discretion when it determined that Lin had not shown changed country conditions.

We conclude that the BIA did not abuse its discretion because the evidence submitted does not show a change in country conditions since Lin's removal hearing. First, at least one of the articles Lin submitted predated the removal

6

hearing and thus was not new evidence. Second, other articles submitted were not relevant to China's treatment of Falun Gong members, but addressed China's internet policies and censorship. Third, the remaining articles do not show any change in China's treatment of Falun Gong; both the evidence submitted at the removal hearing and that submitted with the second motion to reopen state that China continues to target Falun Gong practitioners. None of the evidence shows that China has increased its opposition to the practice. Fourth, as the BIA noted, the subpoena was not authenticated and thus was not proper evidence. *See* 8 C.F.R. § 1287.6 (stating that "an official record or entry therein, when admissible for any purpose, shall be evidenced by an official publication thereof, or by a copy attested by an officer so authorized"). Finally, Lin's own internet postings show only a change in personal circumstances and not a change in country conditions. *See Zhang*, 572 F.3d at 1319-20. Therefore, because Lin did not submit evidence to show changed country conditions, the BIA did not abuse its discretion by denying her untimely second motion to reopen. Accordingly, we deny the petition in part on this ground.

**DISMISSED in part; DENIED in part.**